Filed 1/17/15  P. v. Thompson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

| | |
|---|---|
| THE PEOPLE, | C074362 |
| Plaintiff and Respondent, | (Super. Ct. No. CM038904) |
| v. | |
| TREVOR THOMPSON, | |
| Defendant and Appellant. | |

On May 31, 2013, a deputy with the Butte County Sheriff's Department encountered defendant by a residence associated with the use and sale of controlled substances.  The deputy knew defendant was on parole and conducted a parole search. During the search, defendant tried to flee while making an overhand throwing motion with his left hand.  The deputy noticed defendant had discarded a large plastic package. After defendant was subdued, the deputy retrieved the package, which contained 1.9 grams net weight of methamphetamine.

Defendant was charged with possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and resisting a peace officer (Pen. Code, § 148, subd. (a)(1)),[1]

---

[1]    Undesignated statutory references are to the Penal Code.

along with a strike and a prior prison term (§§ 1170.12, 667.5, subd. (b)). He pleaded no contest to both charges and admitted the prior prison term, with the strike allegation being dismissed with a *People v. Harvey* (1979) 25 Cal.3d 754 waiver. The trial court sentenced defendant to four years in state prison, imposed various fines and fees, and awarded 97 days of presentence credit (49 actual and 48 conduct).

Defendant appeals. He did not obtain a certificate of probable cause.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

                                         BLEASE            , Acting P. J.

We concur:

     BUTZ             , J.

     MURRAY         , J.